IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re BRIAN W. STEFFENSEN,<br><br>Debtor. | **MEMORANDUM DECISION AND ORDER**<br><br>Bankruptcy Case No. 12-34004<br><br>Adversary Proceeding No. 13-2192<br><br>Chapter 7<br><br>Case No. 2:15-cv-525-RJS-PMW<br><br>Judge Robert J. Shelby |
| BRIAN W. STEFFENSEN,<br><br>Appellant,<br><br>v.<br><br>PEGGY HUNT, Chapter 7 Trustee,<br><br>Appellee. | |

Debtor-Appellant Brian W. Steffensen filed a voluntary Chapter 7 petition to discharge his debts. Appellee Peggy Hunt, the Chapter 7 Trustee for Steffensen's bankruptcy estate, timely filed a Complaint in the United States Bankruptcy Court for the District of Utah, seeking to deny Steffensen's discharge under 11 U.S.C. § 727. The Trustee maintains that Steffensen's discharge should be denied because Steffensen failed to keep or preserve sufficient financial books and records to allow her to ascertain Steffensen's financial condition. The bankruptcy court agreed.

Steffensen now appeals three of the bankruptcy court's orders. First, Steffensen argues that the bankruptcy court abused its discretion when it granted the Trustee's motion to strike seventy-five corrections Steffensen made to his deposition transcript. Second, Steffensen insists that the bankruptcy court abused its discretion when it denied his motion to dismiss the Trustee's Complaint and bar her from presenting evidence at trial as sanctions for her alleged discovery misconduct. Third, Steffensen asserts that the bankruptcy court erroneously granted the Trustee's motion for partial summary judgment and denied Steffensen's discharge under

§ 727(a)(3).

The court exercises jurisdiction under 28 U.S.C. § 158(a), and now affirms.

## BACKGROUND

Brian Steffensen has been a practicing attorney for over thirty-five years. In November 2012, Steffensen filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1] Peggy Hunt was appointed Trustee for Steffensen's bankruptcy estate. The Trustee's responsibilities include liquidating Steffensen's assets, investigating his financial affairs, and, if advisable, opposing his discharge.[2]

After reviewing Steffensen's Statement of Financial Affairs and Schedules, and meeting with Steffensen multiple times, the Trustee initiated an adversarial proceeding under 11 U.S.C. § 727 against Steffensen in the United States Bankruptcy Court for the District of Utah. The Trustee seeks to deny Steffensen's discharge because he failed to keep or preserve sufficient financial books and records to permit her to ascertain Steffensen's financial condition.

The Trustee submitted in May 2014 her initial disclosures identifying the names and contact information of each individual likely to have discoverable information. She also disclosed and made available for inspection the categories of documents she may use to support her claims. On February 4, 2015, the bankruptcy court issued an amended scheduling order, extending the period in which all discovery, including responses to discovery requests, must be completed to thirty days after Steffensen's deposition. The amended order set April 7, 2015, as the deadline for filing dispositive motions. And it stated that final witness and exhibit lists were due from each party at least thirty days before the to-be-determined trial date.

On February 9, 2015, Steffensen served the Trustee with his first set of interrogatories, in

---

[1] *See* 11 U.S.C. § 101 *et seq.*
[2] *Id.* § 704(a).

which he asked her to identify her supporting evidence, trial witnesses, and trial exhibits. In response, the Trustee identified numerous pieces of evidence, and stated that she would identify her trial witnesses and exhibits thirty days before trial.[3] Steffensen did not file a motion to compel the Trustee to disclose her witnesses and exhibits before the thirty-day cutoff.

Though a trial date was never set, the Trustee submitted on May 12, 2015, a proposed pretrial order, in which she disclosed all of the witnesses and exhibits on which she intended to rely in the event the case proceeded to trial. Nevertheless, on May 20, 2015, Steffensen moved under Rule 37(c)(1) to bar the Trustee from putting on any evidence at trial because the Trustee did not disclose her trial witnesses or exhibits in either her response to Steffensen's interrogatories or her deposition. Steffensen also asked the court to dismiss the claims against him because the Trustee would not be able to meet her burden of proof at trial if she were barred from presenting any witnesses or exhibits.

Meanwhile, the Trustee deposed Steffensen on February 24, 2015. The court reporter present at the deposition sent Steffensen on March 10, 2015, a copy of the deposition transcript so he could make corrections to it according to Federal Rule of Civil Procedure 30(e). On April 7, 2015, before Steffensen submitted his corrections to the court reporter, the Trustee filed a motion for partial summary judgment based in part on the deposition transcript. Three days later, on April 10, 2015, Steffensen sent the court reporter seventy-five corrections to the deposition transcript.

---

[3] Steffensen also deposed the Trustee on March 25, 2015. Steffensen represents that the Trustee could not during the deposition recall or identify her supporting evidence. Steffensen, however, does not cite in support to any specific page or range of pages in the Trustee's deposition. The court declines to search through the voluminous record to find support for Steffensen's assertion. *See PHL Variable Ins. Co. v. Sheldon Hathaway Family Ins. Trust ex rel. Hathaway*, 819 F.3d 1283, 1290 (10th Cir. 2016) (declining to consider a party's suggestion where the party provided no authority in support); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (noting that district courts and appellate courts "are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

On May 13, 2015, Steffensen filed a sworn and verified memorandum in opposition to the Trustee's motion for partial summary judgment, in which he relied on his corrections to create disputes of material fact. The Trustee filed a motion to strike Steffensen's corrections to the deposition transcript, arguing that Steffensen's corrections substantively altered his testimony, that he did not submit his corrections within thirty days of his receipt of the transcript as required by Rule 30(e), and that he failed to provide an explanation for each of his corrections. Steffensen argued in response that while his corrections clean up inaccuracies and ambiguities in the questioning and testimony, they do not substantively alter his original responses. He also urged the court to forgive his tardiness in submitting his corrections and his failure to provide explanations for each.

On June 3, 2015, the bankruptcy court heard oral argument on Steffensen's motion to bar, the Trustee's motion for partial summary judgment, and the Trustee's motion to strike. The bankruptcy court took the latter two motions under advisement, but denied at the hearing Steffensen's motion to bar. The bankruptcy court explained in part that Rule 26(a)(3) itself provides that a party must disclose at least thirty days before trial the witnesses and exhibits she intends to use at trial, and that the amended scheduling order adopted that timeline.[4] But because no trial date had been set, and the thirty-day deadline had yet to pass, the Trustee was not yet required to make her Rule 23(a)(3) disclosures.[5]

The bankruptcy court then issued on July 23, 2015, a Memorandum Decision and Order granting the Trustee's motions to strike and for partial summary judgment.[6] The bankruptcy court first granted the Trustee's motion to strike because Steffensen's corrections to his

---

[4] *See* Appellant App. at 1059:21–60:2.
[5] *Id.* at 1060:3–9.
[6] *Id.* at 1090–1128.

deposition were untimely, and because he failed to provide a signed statement of reasons explaining each correction.

Second, the bankruptcy court granted the Trustee's motion for partial summary judgment. The bankruptcy court explained that Steffensen's sworn and verified opposition memorandum served as both a memorandum and an affidavit because it incorporated some of his corrected deposition testimony. But the bankruptcy court struck from his memorandum all incorporated deposition corrections because they amounted to a sham affidavit under *Franks v. Nimmo*,[7] and concluded that Steffensen therefore did not present evidence creating a genuine dispute of material fact.

The bankruptcy court then noted that § 727(a)(3) denies a debtor discharge where the debtor fails to keep or preserve records from which the debtor's financial condition can be ascertained. Under this standard, the bankruptcy court denied Steffensen's discharge because the undisputed material facts demonstrated that Steffensen unjustifiably failed to keep and preserve records that would enable one to ascertain Steffensen's financial condition.

This appeal followed.

## ANALYSIS

Steffensen challenges the bankruptcy court's decisions to deny his motion to bar, to grant the Trustee's motion to strike, and to grant the Trustee's motion for partial summary judgment. The court addresses each motion in turn.

### I. Steffensen's Motion to Bar

Steffensen argues that the bankruptcy court erroneously denied his Rule 37(c)(1) motion to bar the Trustee from presenting any evidence at trial because the Trustee did not disclose her

---

[7] 796 F.2d 1230 (10th Cir. 1986).

witnesses or exhibits in either her response to Steffensen's interrogatories or her deposition.

The court reviews the bankruptcy court's refusal to bar the Trustee from presenting evidence at trial under Rule 37(c)(1) for an abuse of discretion.[8]  Under this standard of review, the court will not disturb the bankruptcy court's determination "absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."[9]

Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[10]

Rule 26(a) in turn imposes several requirements on litigants in federal court.  For example, Rule 26(a)(1) requires a litigant to disclose in its initial disclosures the name and contact information of each individual likely to have discoverable information, and a copy of all documents it may use to support its claims or defenses.[11]  Similarly, Rule 26(a)(3) requires a litigant to disclose in its pretrial disclosures at least thirty days before trial the name and contact information of each witness it expects to call, and the identification of each exhibit it expects to offer at trial.[12]

Steffensen contends that Rule 37(c)(1) sanctions against the Trustee are appropriate because she did not disclose during the discovery period her trial exhibits and witnesses.  He argues that the bankruptcy court should have barred the Trustee from presenting any evidence at trial—and therefore dismissed the claims against him because she would not be able to meet her burden of proof at trial—because the Trustee did not disclose her trial witnesses or exhibits in

---

[8] *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994).
[9] *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).
[10] Fed. R. Civ. P. 37(c)(1).
[11] *Id.* 26(a)(1)(A)(i)–(ii).
[12] *Id.* 26(a)(3).

6

either her response to his interrogatories or her deposition.

The court disagrees, and concludes that the bankruptcy court was within its discretion to deny Steffensen's motion to bar based on the court's conclusion that the Trustee did not violate Rule 26(a).  Both Rule 26(a)(3) and the amended scheduling order obligated the Trustee to disclose her trial witnesses and exhibits at least thirty days before trial.  The case never proceeded to trial, and a trial date was never set, meaning the obligation to disclose trial witnesses and exhibits was never triggered.  The Trustee did not violate Rule 26(a).  And sanctions under Rule 37(c)(1) on those grounds were unwarranted.  The court affirms the bankruptcy court's denial of Steffensen's motion to bar.

## II. The Trustee's Motion to Strike

Steffensen next argues that the bankruptcy court erroneously granted the Trustee's motion to strike the seventy-five Rule 30(e) corrections he made to his deposition transcript.

The court reviews the bankruptcy court's decision to strike from the record Steffensen's deposition corrections for an abuse of discretion.[13]  Applying this standard, the court will not overturn the bankruptcy court's decision unless the court "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choices in the circumstances."[14]

Rule 30(e)(1) provides:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and

---

[13] *See SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010); *BancFirst ex rel. Estate of M.J.H. v. Ford Motor Co.*, 422 F. App'x 663, 664 (10th Cir. 2011) (unpublished).

[14] *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1152 (10th Cir. 2012) (citation omitted) (internal quotation marks omitted).

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.[15]

Neither party disputes that Steffensen's deposition corrections "are changes in form or substance," and that he was required "to sign a statement listing the changes and the reasons for making them."[16] But Steffensen did not include with his seventy-five deposition corrections a signed statement explaining the reasons for his corrections. Although Steffensen argues that the corrections clean up inaccuracies and ambiguities in the questioning and testimony, the Rule required him to "state the specific reason for the particular change after *each* modification."[17] This he failed to do. And it was not enough for him "to give general conclusory reasons for all the changes at the end of the transcript."[18] The bankruptcy court did not commit "a clear error of judgment or exceed[] the bounds of permissible choices in the circumstances"[19] when it struck Steffensen's deposition corrections.[20]

## III. The Trustee's Motion for Partial Summary Judgment

Finally, Steffensen argues that the bankruptcy court erroneously granted the Trustee's motion for partial summary judgment, denying his bankruptcy discharge under § 727(a)(3). The court reviews the bankruptcy court's summary judgment order de novo, and applies the same standards as the bankruptcy court.[21] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[15] Fed. R. Civ. P. 30(e)(1); *see* Fed. R. Bankr. P. 7030 (making Federal Rule of Civil Procedure 30 applicable to adversary proceedings).

[16] Fed. R. Civ. P. 30(e)(1)(B).

[17] *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1305 (11th Cir. 2010) (citation omitted) (internal quotation marks omitted).

[18] *Id.* (citation omitted) (internal quotation marks omitted).

[19] *Somerlott*, 686 F.3d at 1152 (citation omitted) (internal quotation marks omitted).

[20] *See, e.g.*, *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 (3d Cir. 2010) ("Courts have found that the failure to provide a statement of reasons alone suffices to strike a proposed change.").

[21] *Doe v. City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012).

matter of law."[22] In reviewing the bankruptcy court's decision, the court is mindful that "the Bankruptcy Code must be construed liberally in favor of the debtor."[23]

Steffensen maintains that the bankruptcy court incorrectly (A) determined that he failed to establish the existence of a genuine dispute of fact after ruling that the deposition corrections he incorporated into his sworn and verified opposition memorandum and affidavit constitute a sham affidavit, and (B) concluded that the undisputed material facts demonstrated that Steffensen unjustifiably failed to keep and preserve records that would enable one to ascertain his financial condition. The court discusses these contentions in turn.

### A. Sham Affidavit

A party opposing a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial."[24] A party may establish the existence of a genuine dispute of fact by citing to specific parts of a deposition.[25] Steffensen sought to create a genuine dispute of fact by citing in his sworn and verified opposition memorandum and affidavit to portions of his corrected deposition. The bankruptcy court concluded that Steffensen failed to establish the existence of a genuine dispute of fact after it declined to consider the deposition corrections Steffensen incorporated into his opposition memorandum and affidavit. The bankruptcy court declined to consider the corrections because it concluded they constituted an attempt to create a sham issue of fact.

The court reviews the bankruptcy court's decision to exclude Steffensen's affidavit under the sham affidavit rule for an abuse of discretion.[26] As stated, a court abuses its discretion when

---

[22] Fed. R. Civ. P. 56(a); *see* Fed. R. Bankr. P. 7056 (making Federal Rule of Civil Procedure 56 applicable to adversary proceedings).
[23] *Gullickson v. Brown* (*In re Brown*), 108 F.3d 1290, 1292–93 (10th Cir. 1997).
[24] *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (citation omitted) (internal quotation marks omitted).
[25] Fed. R. Civ. P. 56(c)(1)(A).
[26] *Law Co., Inc. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1169 (10th Cir. 2009).

9

its decision "was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."[27] The parties seemingly agree that the existence of a genuine issue of fact turns on whether the bankruptcy court abused its discretion in excluding Steffensen's affidavit.

A court may disregard an affidavit that conflicts with the affiant's prior sworn testimony if the court concludes the contrary affidavit "constitutes an attempt to create a sham fact issue."[28] In determining whether a conflicting affidavit creates a sham fact issue, courts consider whether "(1) the affiant was cross-examined during his earlier testimony; (2) the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain."[29]

After studying Steffensen's deposition and the relevant corrections, the court concludes that the bankruptcy court did not abuse its discretion in ruling that Steffensen's corrections are inconsistent with his original testimony. The bankruptcy court found that many "corrections augment and expand upon the deposition testimony," and try to depict Steffensen's "records as extant, coherent, and thorough," even though his original testimony "suggests that relevant information is unavailable, piecemeal, or disorganized."[30] The bankruptcy court found that this was "particularly problematic" because the Trustee's claims are concerned with "a lack of information that prevents trustees and creditors from meaningfully examining a debtor's financial affairs or tracing his assets."[31]

---

[27] *Cartier*, 59 F.3d at 1048.
[28] *Law Co.*, 577 F.3d at 1164 (quoting *Franks*, 796 F.2d at 1237).
[29] *Id.* (citation omitted) (internal quotation marks omitted).
[30] Appellant App. at 1106.
[31] *Id.*

This court's independent review of the materials supports Judge Thurman's conclusion. For example, the Trustee states in her thirteenth statement of undisputed material facts that Steffensen does not know what assets one of his law offices (which the parties call "SB") has or whether it owned office equipment.[32] Steffensen disputes this fact by pointing to a correction he made on page 24 of his deposition transcript. When asked whether SB owns office equipment, Steffensen originally testified: "Probably. I don't think—I don't recall—it was the same stuff that was there before" in his prior law office (which the parties call "S Law PC").[33] Steffensen replaces this testimony with: "I don't think so. I can't remember a specific transfer of those types of assets to S-B Law. I think that they are probably still owned by SLaw PC. However, not exactly sure. It is all the same stuff that was there before."[34] Steffensen's correction here is inconsistent with his original testimony—he transitioned from testifying that SB probably owned office equipment to testifying in his correction that SB's predecessor, S Law PC, probably owned the office equipment.

In addition, the Trustee asserts in her twenty-fourth statement of undisputed material fact that Steffensen "did not keep an accounting ledger for SB through Quickbooks or any similar ledger for 2011 or 2012, but considered the notes he made when completing his tax returns to be an accounting record."[35] The Trustee cites to page 54 of Steffensen's deposition in support. When asked whether there is an accounting ledger for SB, Steffensen testified: "I consider the notes I make when I do my tax returns accounting records. And so if I allocated them to income versus loan, that would be an accounting record. But if you're thinking is there a QuickBooks

---

[32] *Id.* at 42.
[33] *Id.* at 781.
[34] *Id.*
[35] *Id.* at 43.

11

created report, no."[36] Steffensen disputes this asserted fact by pointing to his correction on page 86 of his deposition, where he was asked "you did not do a contemporaneous accounting record [during 2011 and 2012] such as in QuickBooks?"[37] Steffensen originally testified: "Right. That was not done at all during these two years."[38] But his correction replaces this testimony with: "I did not put data into Quickbooks during those years. Instead, I kept vendor invoices, expense receipts, copies of checks and deposit slips as my 'contemporaneous accounting records.'"[39] So while Steffensen originally testified that the notes he made when completing his tax returns were his accounting records, his corrected testimony expands the type of accounting records he kept to also include vendor invoices, expense receipts, copies of checks, and deposit slips.

This correction is exemplary of the general flavor of Steffensen's other corrections not explicitly discussed here. As the bankruptcy court found, Steffensen's corrections "make his answers more certain and his descriptions more detailed."[40] And they portray him as having more records than he originally testified having, and as being able to calculate the amount he loaned to his law practices and the amount those entities still owe him.

The court concludes that the bankruptcy court did not abuse its discretion in finding that the relevant factors show that the corrections constitute an attempt to create a sham issue of fact. Steffensen was subject to cross-examination,[41] his corrections were not based on newly-discovered evidence, and his original testimony was not the product of confusion. Steffensen presents no argument to the contrary.

The bankruptcy court did not abuse its discretion in striking from Steffensen's opposition

---

[36] *Id.* at 813.
[37] *Id.* at 845.
[38] *Id.*
[39] *Id.*
[40] *Id.* at 1108.
[41] *See Juarez v. Utah Dep't of Health-Family Dental Plan*, 2006 WL 2623905, at *6 (D. Utah Sept. 11, 2016) (finding the first *Franks* factor satisfied where the deponent was subject to cross-examination).

memorandum and affidavit all deposition corrections after concluding that he attempted to create a sham issue of fact.[42] As a result, Steffensen failed to establish the existence of a genuine issue of fact. The court provides those undisputed material facts below as necessary in its analysis of whether Steffensen should be denied discharge under § 727(a)(3).

### B. Section 727(a)(3)

After striking from Steffensen's opposition memorandum and affidavit all deposition corrections, the bankruptcy court concluded that the undisputed material facts established that Steffensen's discharge should be denied under § 727(a)(3).

Section 727(a)(3) denies a debtor's discharge where "the debtor has . . . failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."[43] While a debtor need not keep "an impeccable system of bookkeeping" to comply with § 727(a)(3),[44] the statute "ensures that trustees and creditors will receive sufficient information to enable them to trace the debtor's financial history; to ascertain the debtor's financial condition; and to reconstruct the debtor's financial transactions."[45] To that end, the statute "places an affirmative duty on the debtor to create books and records accurately documenting his business affairs."[46]

To state a prima facie case under § 727(a)(3), a trustee must show by a preponderance of

---

[42] Steffensen also argues that the bankruptcy court improperly relied on his unsigned deposition transcript in concluding that there is no genuine dispute of material fact. The court declines to consider this argument because Steffensen cites to no legal authority supporting the proposition that it was improper for the bankruptcy court to do so. *See PHL Variable Ins.*, 819 F.3d at 1290 (declining to consider a party's suggestion where the party provided no authority in support).
[43] 11 U.S.C. § 727(a)(3).
[44] *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir. 1992).
[45] *Peterson v. Scott* (*In re Scott*), 172 F.3d 959, 969 (7th Cir. 1999) (citation omitted) (internal quotation marks omitted).
[46] *Id.*

13

the evidence that the debtor "failed to maintain and preserve adequate records and that the failure made it *impossible* to ascertain his financial condition and *material business* transactions."[47] The word "impossible" should not be read literally—a trustee need not "show that there is no conceivable way to ascertain the financial condition of the debtor."[48] And "[t]he test is whether there is available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained."[49] If the trustee meets this burden, the burden shifts to the debtor "to justify his failure to maintain the records."[50]

The court agrees with the bankruptcy court that the Trustee met her burden to establish that Steffensen failed to keep and maintain adequate records that would enable one to ascertain his financial condition. As an initial matter, Steffensen has practiced law for over thirty-five years, during which time he ran several law practices. He is a sophisticated business person, and is therefore "held to a high level of accountability in record keeping."[51]

Also, while his law practices are not in bankruptcy, "[a] lack of business records relating to a company substantially intertwined with a debtor may provide the basis for the denial of a debtor's individual discharge under § 727(a)(3)."[52] Here, Steffensen and his law practices are substantially intertwined: he formed and owned his law practices, he and his wife made several loans to his law practices, he sometimes paid for personal expenses using checks issued from his law practices, and he occasionally transferred funds directly from a law practice's bank account to himself as repayment on his loans. Steffensen was obligated to keep and maintain records for

---

[47] *Gullickson v. Brown* (*In re Brown*), 108 F.3d 1290, 1295 (10th Cir. 1997).
[48] *Jacobowitz v. Cadle Co.* (*In re Jacobowitz*), 309 B.R. 429, 438 (S.D.N.Y. 2004).
[49] *Meridian*, 958 F.2d at 1230 (citation omitted) (internal quotation marks omitted).
[50] *Brown*, 108 F.3d at 1295.
[51] *Meridian*, 958 F.2d at 1231.
[52] *United States Trustee v. Kandel* (*In re Kandel*), 2015 WL 1207014, at *8 (Bankr. N.D. Ohio Mar. 13, 2015).

his law practices in accord with his higher level of accountability. He failed to do so.

To be sure, Steffensen kept accounting data in QuickBooks while operating S Law PC. But he stopped doing so a few years after starting SB in 2006. And he did not keep accounting data in QuickBooks or a similar program for two years before the petition date. Nor did he keep by hand during that time any check registers, profit and loss statements, balance sheets, sources and uses of cash, or general ledgers. What is more, while Steffensen estimates that SB owes him $100,000, he does not know the amount he has loaned to his law practices. He did not keep a ledger or a similar accounting document showing the amounts he loaned to his law practices, the amounts he received back, or the balance currently owing. Steffensen states that he did not keep a ledger because the amounts repaid to him are so small there is no chance the loan is extinguished. Yet without this type of information, a third party could not intelligently ascertain his financial condition, especially as it relates to his loan transactions with his law practices.[53]

Steffensen instead often documented the loans to his law practices by making a note on the deposit slips. The law practices occasionally issued him checks as payment on the loans. And his wife sometimes received checks from the entities as loan repayments or as his contribution to family expenses. Though Steffensen tried to note on each check's memo line when it was a loan repayment, not all checks had a notation.

In addition to pointing to these records, Steffensen maintains that his financial condition can be ascertained from his voluminous amount of bills from vendors, bills to clients, canceled checks, bank statements, tax returns for himself and his law practices, and work papers relating to those tax returns. But "[m]any courts faced with checking account records, canceled checks,

---

[53] *See Cadle Co. v. Stewart* (*In re Stewart*), 263 B.R. 608, 615 (B.A.P. 10th Cir. 2001) (stating that a debtor must produce records that "sufficiently identify the transactions [so] that intelligent inquiry can be made respecting them" (citation omitted) (internal quotation marks omitted)).

deposit slips, bank statements, and tax returns as the sole documentation of a debtor's financial history and condition have determined that such records are inadequate under § 727(a)(3)."[54] The court follows suit here.

Again pointing to the voluminous amount of documents produced, Steffensen argues that he has discharged his duty because he has produced all the records in his possession. But that is not what the code requires—the key inquiry is whether the records produced are sufficient to enable one to ascertain his financial condition.[55] Even so, "'too many' is just as bad as 'not enough.'"[56] "The debtor has the duty to maintain and retain comprehensible records."[57] And a third party is "not required to sift through documents and attempt to reconstruct the flow of the debtor's assets."[58] The bankruptcy court did not err in concluding that the Trustee satisfied her burden under § 727(a)(3).

The burden now shifts to Steffensen to justify his failure to maintain adequate records. Justification depends on what a "reasonable person would do under similar circumstances."[59] Relevant factors include "the education, experience, and sophistication of the debtor; the volume of the debtor's business; the complexity of the debtor's business; the amount of credit extended to the debtor in his business; and any other circumstances that should be considered in the interest of justice."[60] Steffensen argues that the bankruptcy court erred when it rejected his three proffered justifications. The court disagrees.

First, Steffensen argued that he could not afford to hire an accountant or a bookkeeper to

---

[54] *Juzwiak*, 89 F.3d at 428.
[55] *See Caneva v. Sun Cmtys. Operating Ltd. P'ship* (*In re Caneva*), 550 F.3d 755, 764 (9th Cir. 2008) ("The terms of 11 U.S.C. § 727(a)(3) do not condition a debtor's discharge on the presentation of the documents that he did keep and preserve.").
[56] *Havel v. Vandewoestyne* (*In re Vandewoestyne*), 174 B.R. 518, 522 (Bankr. C.D. Ill. 1994).
[57] *Juzwiak*, 89 F.3d at 429.
[58] *Id.* (citation omitted) (internal quotation marks omitted).
[59] *Meridian*, 958 F.2d at 1231 (citation omitted) (internal quotation marks omitted).
[60] *Id.* (citation omitted) (internal quotation marks omitted).

keep his books. But "insolvency cannot be used as an excuse to avoid the obligation to provide records to illuminate that condition."[61] And more fundamentally, a debtor need not hire and pay an accountant or a bookkeeper to maintain his records. Steffensen appears to acknowledge this with his second asserted justification: that he planned to keep his own books but he got too busy. Being too busy, however, is insufficient to justify a debtor's failure to fulfill his duty to "create books and records accurately documenting his business affairs."[62] Finally, Steffensen argued that the records he maintained were sufficient for his own purposes. But a "debtor's honest belief . . . that his records are sufficient . . . does not constitute justification for failure to keep or preserve records under § 727(a)(3)."[63]

The bankruptcy court correctly denied Steffensen's discharge under § 727(a)(3).

## CONCLUSION

For the reasons stated above, the court AFFIRMS the judgment of the bankruptcy court. The Clerk of Court is directed to close the case.

SO ORDERED this 7th day of October, 2016.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[61] *Id.* at 1232.
[62] *Scott*, 972 F.3d at 969.
[63] *Pu v. Mitsopoulos* (*In re Mitsopoulos*), 487 B.R. 604, (Bankr. E.D.N.Y. 2013) (citation omitted) (internal quotation marks omitted).